983 F.2d 1086
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Belinda J. PORTLEY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3118.
 United States Court of Appeals, Federal Circuit.
 Nov. 5, 1992.
 
 Before NEWMAN, MAYER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Belinda J. Portley petitions for review of the April 30, 1991 initial decision of the Administrative Judge (AJ), Docket No. DA07529110361, dismissing her appeal for lack of jurisdiction. The AJ's decision became final when the Merit Systems Protection Board denied review on October 8, 1991. Because Ms. Portley was not an employee within the meaning of 5 U.S.C.A. § 7511 (West Supp.1992), we affirm.
 
 DISCUSSION
 
 2
 Ms. Portley was employed by the United States Postal Service (USPS) at the General Mail Facility in Dallas, Texas. On February 21, 1991, USPS issued a notice proposing to remove Ms. Portley, effective March 28, 1991, from her position for failure to follow instructions, which failure resulted in Absence Without Leave (AWOL). On March 8, 1991, Ms. Portley appealed her removal to the Board, which dismissed her appeal for lack of jurisdiction because she did not meet the requirements of 39 U.S.C.A. § 1005(a)(4)(A) (West Supp.1992).
 
 
 3
 A federal employee may appeal his or her removal to the Board pursuant to 5 U.S.C. § 7513(d) (1988). However, individuals employed by USPS are considered "employees" for the purpose of 5 U.S.C. § 7513 only if they meet the requirements of 5 U.S.C. § 7511(a)(1)(B) or 39 U.S.C. § 1005(a)(4)(A)(ii). 5 U.S.C. 7511(b)(8). To qualify as an "employee" under 7511(a)(1)(B), Ms. Portley had to show that she was "a preference eligible." Alternatively, she had to show that she was "in the position of a supervisor or a management employee in the Postal Service, or [was] an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity." 39 U.S.C. § 1005(a)(4)(A)(ii)(I).
 
 
 4
 Ms. Portley admitted that she was not a veteran and thus not a preference eligible employee. See 5 U.S.C. § 2108. The only supervisory position which Ms. Portley claimed to have held was that of a 204B supervisor. USPS presented evidence that Ms. Portley was serving in a distribution clerk position, and that a 204B supervisor was a craft employee acting as a supervisor, not an actual supervisor. The Board, therefore, determined that Ms. Portley was not an "employee" for the purposes of Board jurisdiction.
 
 
 5
 Service by a government employee in an acting capacity does not entitle him or her to permanently occupy that position or receive the rights of that position; the employee's rights are based solely on the position to which he or she has been officially appointed. Bielec v. United States, 456 F.2d 690, 696 (Ct.Cl.1972). Ms. Portley never presented any evidence to show that she was officially appointed to a supervisory position. She had the burden of proving that jurisdiction over her appeal to the Board existed by a preponderance of the evidence, 5 C.F.R. § 1201.56 (1991), and she failed to do so.
 
 
 6
 Under these circumstances we cannot say that the Board's decision was (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).